CIIIEE JUSTICE ROBERTSON
delivered the opinion op the court.
Appellant sued her husband, the appellee, for a divorce on account of abandonment “without cause” for more than a year. The petition alleges all the facts necessary to entitle her to the relief sought, and the proof sustains the allegations. The husband, .having left the state, is proceeded against as a non-resident by warning order and the appointment of a representative attorney; yet the circuit court dismissed the petition. There being no appearance here for the appellee, we are left to conjecture the cause of the dismission. We see none, but presume that the circuit court did not admit its jurisdiction against a non-resident, or possibly deemed that a bond, which was nbt given, was necessary.
*317 It would be a reproach to our legislation if a faithless husband in Kentucky could by leaving the state deprive his abandoned wife of the power of obtaining a divorce at home. But she has remedy in 'the circuit court of the county of her residence. The doubt intimated in 3 Metcalfe is silenced by a subsequent enactment of 1864 (Myers’s Supplement, p. 184), constructively recognizing the jurisdiction. In such a case as this no bond is required.
Perceiving no good ground for the dismission, the judgment is reversed, and the cause remanded with instructions to decree the relief sought by the petition.